# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CRIMINAL CASE NO. 2:04-cr-00093-MR-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| MIKE ANTHONY BROWN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon remand from the United States Court of Appeals for the Fourth Circuit [Doc. 413] for further consideration of the Defendant's "Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and Sentencing Guideline Amendment 782." [Doc. 391].

## I. BACKGROUND

On April 22, 2005, the Defendant pleaded guilty to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C.§§ 841(b)(1)(A) and 846. The Defendant was held responsible for 453.6 grams of cocaine base. [Presentence Report (PSR), Doc. 404 at 5 ¶ 12]. Prior to

the guilty plea, the Government filed a notice pursuant to 21 U.S.C. § 851 ("§ 851 Notice") advising that it would seek a 240-month mandatory minimum sentence based on the Defendant's prior North Carolina drug conviction. [Id. at 4 ¶ 5; § 851 Notice, Doc. 109].

The probation officer thereafter prepared the presentence report (PSR) and recommended a total offense level of 33. With a criminal history category of IV, the probation officer calculated a guideline range of 188 to 235 months' imprisonment. [PSR, Doc. 33 at 17 ¶ 81]. With the § 851 Notice and the attendant mandatory minimum sentence, however, the guideline range became 240 months. See U.S.S.G § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

At sentencing, the Government orally moved for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) on the grounds that the Defendant had provided substantial assistance to the Government. [Doc. 230 at 3-4]. The Court[1] granted this motion. On November 9, 2005, the Court imposed a sentence of 210 months, which would have been in the

---

[1] The Honorable Lacy H. Thornburg presided over the Defendant's sentencing. After Judge Thornburg's retirement, this matter was assigned to the undersigned.

center of the otherwise applicable guideline range, but for the application of the § 851 Notice. [Judgment, Doc. 209].

In June 2008, the Defendant filed a motion for reduction of sentence pursuant to § 18 U.S.C. § 3582(c)(2) and Amendment 706. [Doc. 292, 328]. That motion was denied on the grounds that there was no change in the guideline calculations due to the statutory mandatory minimum sentence and the operation of U.S.S.G. § 5G1.1. [Doc. 347].

On May 18, 2015, the Defendant filed a second motion pursuant to § 3582(c)(2), this time seeking a sentence reduction under Amendment 782. [Doc. 391]. The probation officer calculated the Defendant's revised guideline range to be 121 to 151 months. [Id. at 2]. Noting that the Defendant's original sentence of 210 months was equal to 88% of the 240-month statutory minimum, the probation officer noted that the Defendant was eligible for a comparable reduction to 106 months, or 88% of the low end of the revised Guidelines range. [Id.]. The Court, however, granted the Defendant a reduction to 135 months, holding that Defendant's original sentence of 210 months was 111.7% of the low end of the original Guideline Range without the 851 Notice, and that 111.7% of the revised low end

without the 851 Notice is 135 months.[2] [Doc. 396]. The Defendant appealed. The Court of Appeals vacated the § 3582 order and remanded for reconsideration in light of its recent decision in United States v. Hardy, ___ F.App'x ___, 2016 WL 473215 (Feb. 8, 2016). [Doc. 413].

## II. DISCUSSION

In Hardy, the Court of Appeals concluded that the district court failed to reflect in its § 3582 Order that it followed the steps required by Dillon v. United States, 560 U.S. 817 (2010). Under Dillon, the Court must: (1) "follow the [Sentencing] Commission's instructions" in the policy statement set out in U.S.S.G. § 1B1.10 "to determine the prisoner's eligibility for a sentence modification"; (2) determine "the extent of the reduction authorized"; and (3) "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step[s] one [and two are] warranted in whole or in part under the particular circumstances of the case." Id. at 827. The Court of Appeals specifically held that the Order failed to reflect the second step, a consideration of the

---

[2] Calculated another way, 210 months was one month less than the center of the range from 188 to 235. One month less than the center of the revised range of 121 to 151is 135.

extent of the reduction authorized,[3] and that the failure to include this crucial calculation "strongly suggests that [the District Court] did not appreciate the scope of its authority." [Slip op. at 9].

In the present case, just as in Hardy, the face of the Order does not reflect the Court having undertaken to calculate the full extent of a reduction the Defendant *may* receive. This is because the form AO 247, which is provided by the Administrative Office of the Courts for the purpose of ruling on § 3582 motions, has no place for the Court to fill in this required piece of information. Having considered the guidance provided by the Court of Appeals in Hardy, the Court will now undertake to express in proper form its ruling on the Defendant's § 3582 motion under Amendment 782.

While the prior amendments to the Sentencing Guidelines did not affect the calculation of the Defendant's sentence, Amendment 782 lowered the Defendant's total offense level to 29. This reduction, coupled with the fact that the Defendant received a sentence less than the mandatory minimum per § 3553(e), rendered the Defendant eligible for a reduction under § 3582(c)(2).

---

[3] The Court of Appeals decision refers to this step as essentially part two of the first step. [Slip op. at 8-9].

5

This brings the Court to the second step of the <u>Dillon</u> analysis, which was missing from the Court's prior Order – "to determine . . . the extent of the reduction authorized." With a total offense level of 29 and a criminal history category of IV, the Defendant's amended guideline range, without consideration of the otherwise applicable mandatory minimum, is 121 to 151 months. The Defendant originally received a sentence of 210 months, or 88% of his original guideline range of 240 months. Thus, he is potentially eligible for a sentence as low as 88% of the low end of the new guideline range, or 106 months. <u>See</u> U.S.S.G. § 1B1.10(b)(2)(B) (allowing for a reduction of a comparable percentage below the guideline range). This was the position of the Defendant in his motion [Doc. 391], and the Court concludes that this is correct. In fact, the Court concluded this originally, but did not adequately document it in the Order, as pointed out by the Court of Appeals.

Having determined the Defendant's eligibility for having his sentence reduced to as little as 106 months, however, is not the end of the analysis. While a defendant's *eligibility* for a sentence reduction and the extent of the reduction authorized must be determined without any regard for the mandatory minimum sentence, <u>see</u> <u>United States v. Williams</u>, 808 F.3d 253, 261 (4th Cir. 2015), the Court may still consider the § 851 Notice in analyzing

the § 3553(a) factors and formulating an appropriate sentence, as is required by the third and final step of Dillon.[4]

Here, the Defendant was subjected to a mandatory minimum sentence of 240 months due to his prior qualifying drug conviction. The Government's § 851 Notice has never been withdrawn, and the Defendant's prior conviction remains a valid qualifying conviction for an § 851 Notice even after United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). [See PSR, Doc. 404 at 7 ¶ 28]. Therefore, the § 851 Notice should still be considered in formulating an appropriate sentence.[5]

Consideration of the § 851 Notice is particularly appropriate in light of the fact that § 1B1.10(c) effectively negates the effect of the § 851 Notice in the calculation of the Defendant's eligibility for a reduced sentence. In fact, since § 1B1.10(b)(2)(B) expresses the analysis in terms of a comparable reduction of the guideline range, § 1B1.10 actually allows for the Defendant

---

[4] This is what the Court attempted to explain in the very limited space on the form AO 247 in the section next to the box checked "other."

[5] After all, in all respects, the mandatory minimum remains 240 months, and the guideline range remains at that level, *except* with regard to the calculation of the Defendant's eligibility for a reduction pursuant to § 3582(c)(2) and a qualifying amendment. U.S.S.G. § 1B1.10(c) ("*for the purposes of this policy statement* the amended guideline range shall be determined without regard to the operation of § 5G1.1").

to be eligible for a **lower** sentence **because** of a prior felony drug conviction that served as the basis for the § 851 Notice.[6]

As stated in the Court's original Order, the 135-month sentence reflects the degree to which Amendment 782 reduced the base offense level, the total offense level, and the guideline range for an offense involving the quantity of drugs for which the Defendant was held responsible. This sentence allows him the benefit of his cooperation because it provides a sentence below the mandatory minimum sentence. It does so, however, while still recognizing the Defendant's § 851 Notice and his prior criminal record. This serves to reduce the Defendant's sentence the equivalent of four offense levels – reflecting the shift in the § 2D1.1 tables dictated by Amendment 782 and other recent amendments. It is further in accord with the § 3553(a) factors as originally analyzed by the Court at sentencing.[7]

---

[6] For example, if the Defendant had received his 210 month sentence **without the 851** Notice, that would have been a sentence in the center of the guideline range. With Amendment 782 he would then have been eligible for a sentence reduced to the new low end of the guideline range of 121 months (not 106 months). Analyzing only Defendant's eligibility (and ignoring the fact that he originally received a sentence above that for which he was eligible) Defendant is eligible for an **additional** 15 month reduction **because** he had a prior qualifying drug conviction. Unfortunately, the Defendant's counsel has not addressed this issue at all. In fact, the third step of the Dillon analysis was simply ignored in the Defendant's § 3582 motion [Doc. 65], and replaced with a formulaic request for the lowest possible sentence for which the Defendant is eligible, without any further explanation and without any acknowledgement of the impact of the Defendant's § 851 Notice.

[7] At sentencing, the Court analyzed all of the relevant § 3553(a) factors and arrived upon

To the extent that § 1B1.10 and <u>Dillon</u> dictate that the § 3553(a) factors should be analyzed anew, the Court in its discretion still concludes that 135 months is the correct and appropriate sentence. The Defendant was responsible for a substantial quantity of a dangerous drug (453.6 grams of crack cocaine). The Court is called upon to formulate a sentence that recognizes the seriousness of that offense, provides just punishment therefor, and provides adequate deterrence for such significant drug dealing. Each of these § 3553(a) factors supports the 135-month sentence. This sentence further avoids unwarranted sentencing disparities, whereas a sentence for the lower term for which the Defendant is eligible would not

---

the 210-month sentence. The only factors to have materially changed are those related to the seriousness of the offense and the need for just punishment, because those are the ones related to the analysis based on drug quantity. To that end, this Court gives dignity to the decision of the sentencing judge.

Following the remand of this case, Defendant's counsel filed a Sentencing Memorandum on Remand [Doc. 410], wherein counsel argues that another factor that has changed is the Justice Department's policies regarding the filing of § 851 Notices. Specifically, the Defendant argues that if the sentencing were held today that the § 851 Notice would not have been filed. [<u>Id.</u> at 6-7]. A change in Justice Department policy is not cognizable on a motion pursuant to 18 U.S.C. § 3582(c)(2). It is also not a § 3553(a) factor. More importantly, however, the Government has never sought to withdraw the § 851 Notice in this case. Hence, counsel's conjecture as to what the Government's position might be if this case were brought today is simply belied by the record. When considering a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), the Court must make an "apples to apples" comparison. The last step of the <u>Dillon</u> analysis does not wipe the slate clean, but rather calls for the Court to undertake the same § 3553(a) analysis as it entertained before, but accounting for the attendant reduction in the guideline range. The Court has carefully considered the other points set out in the Defendant's Sentencing Memorandum on Remand and finds them also to be without merit.

9

serve this factor because it would ignore the Defendant's § 851 Notice, and his prior record as reflected thereby. In fact it would serve to treat the Defendant more favorably than a similarly situated non-recidivist defendant who had not qualified to receive a § 851 Notice, and such disparity would be unwarranted. This revised sentence also promotes respect for the law, and considers the nature and circumstances of the offense as well as the history and characteristics of the Defendant.

At Defendant's original sentencing, the Court analyzed Defendant's prior convictions, his § 851 Notice and his cooperation in conjunction with the § 3553(a) factors and determined that these warranted a sentence at the low end of the guideline range, notwithstanding the mandatory minimum sentence. That is precisely what the Court now imposes, considering the reduction which the Defendant is allowed because of Amendment 782.

For these reasons, the Court determines that 135 months is the appropriate sentence to which the Defendant's sentence should be reduced.[8]

---

[8] The Court notes that with this reduction Defendant should soon be released, having served such sentence. The Court declines, however, to grant a time-served sentence because the Bureau of Prisons is in a better position than this Court to calculate precisely when this 135-month term has been satisfied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Sentence Reduction [Doc. 391] is **GRANTED**, and the Defendant's sentence is hereby **REDUCED** to a term of 135 months.

**IT IS SO ORDERED.**

Signed: April 12, 2016

Martin Reidinger
United States District Judge